**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **IN RE: MIDWEST ENERGY EMISSIONS CORP. PATENT LITIGATION** | Case No. 4:24-MD-03132-SHL-WPK<br><br>**PETITIONER DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>**Oral Argument Scheduled June 5, 2025** |

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. ME2C's Response Stretches Facts Beyond Recognition ..... 1

B. The Stage Of The Case Supports A Stay ..... 2

C. A Stay Would Simplify The Case ..... 3

D. ME2C Would Not Be Prejudiced ..... 5

III. CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buergofol GmbH v. Omega Liner Co.*,
2024 WL 2805362 (D.S.D. May 31, 2024) ....................2, 3

*e-Watch, Inc. v. ACTi Corp.*,
2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) ....................5

*Intell. Ventures II LLC v. Commerce Bancshares, Inc.*,
2014 WL 2511308 (W.D. Mo. June 4, 2014) ....................4, 5

*In re Neo Wireless, LLC Pat. Litig.*,
2024 WL 688170 (E.D. Mich. Feb. 20, 2024) ....................3

*Milestone Entertainment, LLC v. Activision Blizzard, Inc.*, No. 2:24-cv-04056-AB-SSC, ECF 57 (C.D. Cal., May 1, 2025) ....................3, 4, 5

*North Atlantic Imports, LLC v. LoCo-Crazy Good Cookers, Inc.*,
2024 WL 4827250 (D. Del. Nov. 19, 2024) ....................3

*Nuhn Industries Ltd. v. Bazooka Farmstar*,
3:22-cv-00015-SMR-HCA, ECF 169 (S.D. Iowa Apr. 17, 2024) ....................3

*Thryv, Inc. v. Click-To-Call Techs., LP*,
590 U.S. 45 (2020) ....................1

## I. INTRODUCTION

A stay pending IPR is not only warranted, it is the most efficient and practical step forward. The PTAB has previously determined that ME2C's patents warrant review and are likely unpatentable. Rather than confront that head-on, ME2C resorts to mischaracterizing the record, overstating procedural progress, and leaning on unsupported assertions. ME2C insists the litigation is "mature" while simultaneously resisting discovery as "*pre*mature" and accuses movants of delay despite their proactive filing of IPR petitions—many filed before receiving infringement contentions. And while ME2C argues that stay impedes simplification, its own counsel admitted in other forums that IPRs often eliminate the need for trial, and that stay pending IPR is prudent.

ME2C's effort to press forward despite pending PTAB review undermines judicial economy and Congressional intent. As the Supreme Court has recognized, "[b]y providing for inter partes review, Congress, concerned about overpatenting and its diminishment of competition, sought to weed out bad patent claims efficiently." *Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020). In conflict with that goal, ME2C seeks to press forward with litigation—not to resolve the merits, but to extract settlements. A stay is the most sensible path forward.

## II. ARGUMENT

### A. ME2C's Response Stretches Facts Beyond Recognition

ME2C claims that "the parties and the Court have devoted significant resources to this case … producing *hundreds of thousands* of documents." ECF 128 at 1 (emphasis added). That claim is off by more than an order of magnitude. *Fewer than 8,000* documents have been produced, which are largely re-productions from the Delaware litigation. *See* Ex. 1 (attorney declaration).

ME2C overreaches when it claims that Defendants "indicated that they would not even try to obtain a stay unless they obtained favorable institution decisions." ECF 128 at 1. The sole statement ME2C cites is that Defendants "would move to stay the litigation if the [PTAB] institutes

review." *Id.* That conditional statement merely reflects a standard procedural position—not a strategic concession that Defendants would never seek a stay pending institution. Stretching an innocuous statement into a sweeping admission strains credulity and common sense.

ME2C's invocation of "loss of market share and goodwill" is similarly unmoored from reality. ECF 128 at 1. No facts support these claims. With just three months remaining until expiration of five asserted patents, continuing costly litigation will not capture any goodwill or market share that has eluded ME2C for nearly two decades since these patents were first pursued.

**B. The Stage Of The Case Supports A Stay**

ME2C agrees that in assessing the stage of the case "the court considers, among other things, whether discovery is complete and whether a trial date has been set." ECF 128 at 2. But here, discovery is not complete and no trial date has been set. Fact discovery will remain open until January 30, 2026. ECF 60 at 3. And while ME2C points to a "trial-ready" date, that date does not signify a trial date—it merely reflects that the case is ready for trial to be set even though trial would occur on a future date. The record speaks for itself: the pleadings are not closed, claim construction has not begun, *Markman* hearing is seven months away, fact discovery cutoff is over eight months away, expert discovery has not started, and dispositive motions are nearly a year out. ME2C appears to agree—it has repeatedly objected to routine discovery requests as "premature."[1] ME2C cannot claim this case is 'advanced' while arguing routine discovery is premature.

ME2C's authority fares no better. ME2C relies on *Buergofol*, but fails to realize that the case had "been pending for nearly two years" when stay was denied. 2024 WL 2805362, at *4 (D.S.D. May 31, 2024). ME2C also cites *Nuhn Industries*, where the case was "nearing its third

[1] Ex. 2 at 19-20, 22-23 (ME2C objecting to discovery of prior art as "premature."); Ex. 3 at 32-33, 35-36 (claiming discovery into prior art is "premature").

birthday" and claim construction briefing had completed. 3:22-cv-00015-SMR-HCA, ECF 169 at 3 (S.D. Iowa Apr. 17, 2024). In *North Atlantic Imports*, the court found the case was "no longer in its earliest stages" because claim construction briefing was complete, the case had been pending for over a year, and a trial date had been set. 2024 WL 4827250, at *3 (D. Del. Nov. 19, 2024). In contrast, here claim construction briefing has *not* begun, a trial date has *not* been set and the case has *not* been pending for over a year. ME2C also invokes the "unique MDL context" but cites *In re Neo Wireless*, where fact discovery was complete, *Markman* hearing was complete and a claim construction order had issued—all of which underscore how far-from-mature this case actually is. 2024 WL 688170, at *3 (E.D. Mich. Feb. 20, 2024).

Finally, ME2C's claim that a handful of skirmishes on the pleadings makes this case 'mature' is absurd. If a plaintiff's procedural missteps counted as progress, every inartful, substantively deficient complaint would render a case immune from IPR stays. Plaintiffs would be rewarded for turning self-inflicted jurisdictional slip-ups into roadblocks to a stay pending IPR. That ME2C cannot even serve a coherent set of infringement contentions further underscores the infancy of this case. *See* ECF 106; *Milestone Entertainment, LLC v. Activision Blizzard, Inc.*, No. 2:24-cv-04056-AB-SSC, ECF 57 (C.D. Cal., May 1, 2025) (stay granted *before* institution of IPRs where plaintiff's infringement contentions were insufficient, underscoring the "early" stage of the case). Setting aside ME2C's exaggerated document production figures and inflated claims of litigation progress, the bottom line is simple: this case is in its early stages, supporting a stay.

**C. A Stay Would Simplify The Case**

ME2C asserts that "Defendants' arguments as to simplification rely entirely on the PTAB instituting their IPR petitions and ultimately invalidating all of the asserted claims." ECF 128 at 6. That is incorrect. Even if none of the asserted claims are ultimately invalidated—which is unlikely—a stay would still significantly simplify the case. Movants have stipulated that, upon

institution, they will forgo pursuing invalidity in district court based on "any ground that the petitioner raised or reasonably could have raised during that inter partes review," as well as certain additional obviousness combinations unavailable in IPR proceedings. ECF Nos. 117-3, 117-4, 117-5. This stipulation alone would streamline the litigation, and the far more likely outcome—where at least some asserted claims are invalidated—would further narrow the issues.

ME2C's own counsel has acknowledged in other cases that stays pending IPRs simplify district court litigation. *See* Ex. 4 at 5-6 (admitting that "a stay pending the IPR will simplify the issues and streamline or even eliminate trial, thereby reducing the burden on the Court and the parties…. [C]ourts find the PTAB's decision is likely to simplify the issues because if the PTAB invalidates any of the claims at issue in the IPR petition, those claims will be mooted in the litigation."). Having previously championed the simplification benefits of stay pending IPR, ME2C's counsel cannot now disown that position simply because it no longer serves their strategy.

ME2C is wrong to argue that absence of institution is dispositive. ECF 128 at 1, 6. As *Guntert* makes clear, "plenty of courts grant stay requests before the Board has ruled on the IPR petition…." 2021 WL 7185089, at *3. The *Milestone* court called it "the majority position" to grant stay before IPR institution. *See Milestone Entm't*, at 3 (collecting cases and describing it as "the majority position [where] even if an IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay"); *Intell. Ventures II LLC v. Commerce Bancshares, Inc.*, 2014 WL 2511308, at *4 (W.D. Mo. June 4, 2014). Indeed, the court in ME2C's Delaware Litigation granted a stay *before* IPRs were instituted on all patents. *See* Exs. 5, 6, 7. And as *Guntert* observed, even if institution is denied, "no resources will be saved but neither will any have been wasted." *Guntert*, at *3. ME2C cannot reasonably dispute that a short stay pending institution would avoid wasteful litigation, potentially saving millions in parties' litigation costs.

ME2C draws broad inferences from a small sample of recent PTAB decisions to argue that

institution is unlikely here. But speculation cannot defeat facts: the PTAB previously instituted IPRs on patents directed at the *same* inventions here, including the ’114 Patent asserted here. Regardless, recent decisions from the PTAB undercut ME2C’s arguments: where district-court trials are set to occur around or after PTAB’s projected final written decision date, the PTO Director has refused to issue discretionary denial. *See* Exs. 8, 9.

ME2C also argues that the entire universe of defenses will not be addressed in the IPR proceedings, but that is always true because the PTAB only addresses validity of the patents—it does not address other defenses and never has. Despite that, courts routinely stay cases pending IPRs. In *Milestone Entm’t* the court gave “the potential for any simplification meaningful weight because of the number of asserted claims (90) and patents (6).” *Milestone Entm’t*, at 4. Same is true here where ME2C asserts 116 claims across 6 patents. “The relevant inquiry here … is not whether the IPR would completely resolve this case, but rather whether it could make this litigation simpler and more efficient.” *Intell. Ventures*, 2014 WL 2511308, at *3. That standard is satisfied.

**D. ME2C Would Not Be Prejudiced**

Movants are not competitors of ME2C, which undermines any claim of prejudice. Any potential delay from a stay would be brief, because PTAB decisions are a few months away. “The mere fact and length of any delay does not demonstrate prejudice sufficient to deny [a] request for a stay.” *e-Watch, Inc. v. ACTi Corp.*, 2013 WL 6334372, at *9 (W.D. Tex. Aug. 9, 2013). ME2C also fails to address its litigation history, which shows no urgency or consistent pursuit of injunctive relief, and the promptness with which movants filed their IPRs, many of which were filed even before receiving ME2C’s infringement contentions. This factor strongly favors a stay.

## III. CONCLUSION

Movants respectfully request that the Court stay this case pending institution of IPRs, or, in the alternative, carry this motion until after institution decisions.

Respectfully submitted,

Dated: May 21, 2025

*/s/ Syed Fareed*
Syed Fareed
**McDermott Will & Emery LLP**
300 Colorado Street, 22nd Floor
Austin, TX 78701
sfareed@mwe.com

David M. Genender
David J. Tobin
**McDermott Will & Emery LLP**
2501 North Harwood Street Suite 1900
Dallas, TX 75201-164
dgenender@mwe.com
dtobin@mwe.com

Gregory R. Brown
**Duncan, Green, Brown & Langeness, P.C.**
400 Locust Street, Suite 380
Des Moines, IA 50309
gbrown@duncangreenlaw.com

***Attorneys for Defendant PacifiCorp***

Dated: May 21, 2025

*/s/ Thomas Patton*
**Fredrikson & Byron, P.A.**
R. Scott Johnson (#AT0004007)
Thomas M Patton (#AT0014768)
Cara S. Donels (#AT0014198)
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1977
Telephone: (515) 242-8900
Facsimile: (515) 242-8950
rsjohnson@fredlaw.com
tpatton@fredlaw.com
cdonels@fredlaw.com

***Attorneys for Defendant MidAmerican Energy Company***

Dated: May 21, 2025

*/s/ Gabrielle E. Bina*
Michelle M. Kemp
Rodger K. Carreyn
Gabrielle E. Bina

**Perkins Coie LLP**
33 E. Main Street, Suite 201
Madison, WI 53703
mkemp@perkinscoie.com
gbina@perkinscoie.com

Andrew Kalamarides
**Perkins Coie LLP**
405 Colorado Street, Suite 1700
Austin, TX 78701
akalamarides@perkinscoie.com

Tara Z. Hall
Matthew Warner-Blankenship
**Dentons Davis Brown PC**
215 10th Street, Suite 1300
Des Moines, IA 50309
tara.hall@dentons.com
matt.warner-blankenship@dentons.com

***Attorneys for Defendants Interstate Power and Light Company and Wisconsin Power and Light Company***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on this the 21st day of May, 2025.

*/s/ Syed Fareed*
Syed Fareed